Carmen **APODACA**, Plaintiff,

v.

**GENERAL ELECTRIC CO.**, Defendant.

**No. Civ. 77–416–B.**

United States District Court,
D. New Mexico.

Jan. 31, 1978.

Anne H. Assink, Albuquerque, N. M., Ann Yalman, Santa Fe, N. M., for plaintiff.

Carl H. Esbeck, Rodey, Dickason, Sloan, Akin & Robb, Victor R. Marshall and Robert M. St. John, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

This matter is before the Court upon the Motion of the defendant General Electric Company for partial summary judgment against the plaintiff upon those portions of the complaint alleging a right to relief pursuant to *42 U.S.C.A. § 1981.* It is the defendant's contention that the plaintiff has not and cannot bring herself within the protection of that section, since all of her claims relate only to discrimination in employment on the bases of sex and national origin, neither of which is cognizable under Section 1981.

The plaintiff, Carmen Apodaca, is a Spanish-surnamed female who was discharged from employment with the defendant company on May 14, 1976. She had originally gone to work for the company in August of 1971 and worked until her layoff in June of 1975. She was re-hired in March of 1976 and discharged two months later. Upon her discharge, she filed a charge with the Equal Employment Opportunity Commission, and the record indicates that the alleged discrimination of which she complained to the E.E.O.C. took place in this latter two-month period. The E.E.O.C. subsequently issued to plaintiff a "Notice of Right to Sue," and plaintiff filed the present action.

Plaintiff alleges various acts of discrimination against her while she was on the job, as well as her discriminatory discharge by the defendant, all arising from the fact that she is female and that her national origin is Hispanic.[1] Based upon these, she has filed

---

1. The plaintiff's specific claims are:

a) Intentionally discharging plaintiff, a Spanish-surnamed American female because of her National Origin and sex.

b) Intentionally maintaining policies and practices with respect to wages, production quota's, union representation, job assignments, and other terms and conditions of employment because of her sex and national origin. These practices include but are not limited to:

1) Forcing plaintiff, a Spanish-surnamed American female to meet a production quota in excess of other white employees.

2) Forcing plaintiff, a Spanish-surnamed American female, to meet a production quota which quota is not in effect against other white employees.

3) Discharging plaintiff, a Spanish-surnamed American female, on the basis of falsifying records of production while similar violations by white employees resulted in no terminations.

4) Discharging plaintiff, a Spanish-surnamed American female on the basis of falsifying records of production, which records were not falsified by plaintiff.

5) Checking plaintiff's production records while not checking any Anglo employee's records and then using the record check as a pretext for firing plaintiff.

6) Harassing plaintiff and searching her purse without cause.

7) Denying plaintiff, on demand, union representation during the search of her purse, denying plaintiff, on demand the right to face her accuser, and denying plaintiff, on demand union representation during her discharge.

8) Using racial slogans and nicknames against plaintiff and other Spanish-surnamed American employees.

9) Denying plaintiff seniority while on layoff status.

suit under *42 U.S.C.A. § 2000e* et seq. and under *42 U.S.C.A. § 1981*, asking for a judicial declaration that the defendant has violated her rights under these acts and asking for reinstatement to her job, reinstatement of benefits, back pay, punitive damages, costs and attorney fees.

 The defendant correctly contends that discrimination in private employment on the basis of sex is not cognizable under *42 U.S.C.A. § 1981*, e. g., *Harbert v. Rapp*, 415 F.Supp. 83 (W.D.Okl.1976). Defendant also rightly asserts that Section 1981 does not apply to discrimination in private employment solely on the basis of national origin. That section limits its protection to all racial groups that have been the victims of racial discrimination. *See, e. g., McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Enriquez v. Honeywell, Inc.*, 431 F.Supp. 901 (W.D.Okl. 1977); *Martinez v. The University of New Mexico*, Civ. 75–336 (D.N.M.1975); *Baca v. Butz*, 394 F.Supp. 888 (D.N.M.1975), remanded for trial *de novo*, No. 75–187 (10th Cir., Jan. 17, 1977). Hence, plaintiff may not proceed under Section 1981 on these claims and may pursue them only under Section 2000e et seq. of Title 42.

However, as was pointed out by Judge Eubank in his thoughtful opinion in the *Enriquez* case, the full issue is not disposed of by the conclusion that Section 1981 covers only racial discrimination, for

"The line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible; indeed, . . . there may in some instances be overlap." 431 F.Supp. at 904.

Spanish-surnamed persons have at different times and places been the victims of group discrimination, and, whether or not correct, this discrimination has sometimes been based on the perception of them as non-white. Greenfield and Kates, *Mexican Americans, Racial Discrimination and the Civil Rights of 1866*, 63 Calif.L.Rev. 662 (1975). The courts have recognized this fact and have allowed Spanish-surnamed plaintiffs the opportunity to plead, and attempt at future trial to prove, that the discrimination against them was motivated by a racial animus. *Enriquez v. Honeywell, Inc.*, 431 F.Supp. 901 (W.D.Okl.1977); *Martinez v. Hazelton*, 430 F.Supp. 186 (D.Md. 1977); *Gomez v. Pima County*, 426 F.Supp. 816 (D.Ariz.1976); *Cubas v. Rapid Am. Corp.*, 420 F.Supp. 663 (E.D.Pa.1976); *Hernandez v. Erlenbusch*, 368 F.Supp. 752 (D.Or.1973).

The question to be answered then is whether the plaintiff is attempting to allege something beyond discrimination based upon her national origin, i. e., in the circumstances of the present case, discrimination based upon the perception by those who allegedly discriminated against her that she is a member of an identifiable racial group different from white persons.

Defendant contends that plaintiff is a member of the caucasian race and hence could not have been discriminated against by the defendant on the basis of race where, as here, the treatment against which she is measuring her own different treatment is treatment of persons who are also members of the caucasian race. This argument amounts to no more than a denial that the defendant perceived the plaintiff as a member of an identifiable non-caucasian race and acted on that basis.

 If a Spanish-surnamed plaintiff alleges discrimination on the basis of race, the issues as to the defendant's perception and animus are factual and are not to be determined by the court from the pleadings. The plaintiff's complaint in the present action, by itself and as exposited in her brief in opposition to defendant's motion, does not adequately set forth a Section 1981

10) Assigning undesirable tasks to plaintiff and other Spanish-surnamed American females.

11) Failing and refusing to pay plaintiff and other females on an equal basis with men for substantially equal work.

racial claim, and her complaint therefore is subject to dismissal. However, she should be allowed to amend to plead, if she so desires, that the discrimination she allegedly suffered was motivated by a racial perception and animus.

 Defendant has moved to dismiss plaintiff's prayer for damages, since damages are not recoverable under *42 U.S.C.A. § 2000e* et seq. It has also moved to dismiss any claims she may have arising from her earlier period of employment for failure to present such claims to the E.E.O.C. If plaintiff were to proceed solely under Section 2000e et seq., defendant's contentions would be correct. However, damages, if proven, are recoverable on Section 1981 claims, and such claims need not be presented to the E.E.O.C.

In view of the above conclusions, defendant is not entitled to summary judgment. However, an Order will be entered herein, dismissing any claims of plaintiff for damages based on *42 U.S.C.A. § 2000e* et seq., and granting plaintiff 15 days from its date to file an amended complaint, failing in which her claims under Section 1981 will be considered dismissed with prejudice.