**Mark KODISH, Plaintiff,**

v.

**UNITED AIRLINES, INC., Defendant.**

**Civ. A. 78–A–1146.**

United States District Court,
D. Colorado.

Jan. 23, 1979.

Galchinsky & Silverstein by Herbert H. Galchinsky, Denver, Colo., for plaintiff.

James J. Soran, III, and Richard O. Campbell, Denver, Colo., and Paul M. Tschirhart, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

Plaintiff has brought this action for damages and injunctive relief to redress the airline's alleged refusal to hire him because of his age. The amended complaint sets out three claims for relief. The first claim for relief is brought under §§ 102(a)(3) and 404(b) of the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 1302(a)(3)[1] and 1374(b). The second claim for relief is brought pursuant to § 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. The third claim for relief is asserted under Executive Order 11141, 29 Fed.Reg. 2477 (1964).[2] Defendant has moved to dismiss for failure to state a claim on which relief can be granted and for lack of jurisdiction over the subject matter. At the hearing on its motion defendant stipulated that the allegations contained in the complaint can be assumed as fact for purposes of this motion. After reviewing the complaint and

---

1. Both parties have cited this as § 102(c) of the Federal Aviation Act of 1958, as amended, 49 U.S.C. § 1302(c). The subsection lettering and numbering were changed to § 102(a)(3) and 49 U.S.C. § 1302(a)(3) in a 1977 amendment, and this change was carried through in a 1978 amendment. *See* 91 Stat. 1284 (1977) and 92 Stat. 1721 (1978). Jurisdiction for all three claims is asserted under 28 U.S.C. §§ 1331, 1332, 1337, and 1343.

2. Executive Order 11141, Declaring a Public Policy Against Discrimination on the Basis of Age, was issued by President Johnson in 1964. The Order first appeared in 29 Fed.Reg. 2477 (1964). Plaintiff has cited 3 C.F.R. 179 (1978) as the source for the Order; however, that citation contains a Memorandum by President Carter regarding the Agricultural Trade Development and Assistance Act of 1954, as Amended—Morocco. I will assume that plaintiff intends to cite the Executive Order, not the Carter memorandum, and I will proceed on that basis.

the law I find that the case is in an appropriate posture for disposition of defendant's motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The complaint alleges that Mark Kodish applied for a job as a pilot with United Airlines, Inc. (United), at the age of 30 years. At that time United required that applicants for flight crew positions be between the ages of 21 and 29 years, inclusive. Accordingly, United rejected Kodish's application. United subsequently changed the upper limit for flight crew applicants to 35 years and allowed Kodish, still 30, to reapply. United again rejected the application citing the greater experience of other applicants. Kodish contends, and for purposes of this motion it may be assumed, that the second application was also denied because of plaintiff's age. Now 32 years of age, Kodish filed this complaint when he was 31 years old. Plaintiff contends that he is the victim of age discrimination for which 49 U.S.C. §§ 1302(a)(3) and 1374(b), 42 U.S.C. § 1981, and Executive Order 11141 provide an implied private right of action. Plaintiff filed a complaint with the Civil Aeronautics Board in February of 1978. Citing the Board's lack of expertise in the area of pilot qualifications and training, and the lack of harm to the travelling public, the Board's Director of Consumer Protection dismissed the complaint.

In its motion to dismiss United contends that the cited provisions of the Federal Aviation Act of 1958, as amended, and the Civil Rights Act of 1866, as amended, do not create a private right of action for putative pilots who are denied employment on account of age. Additionally United contends that this Court lacks jurisdiction over the subject matter of a claim arising out of an executive branch policy expressed in an Executive Order. The answers to these questions of law raised by United control the outcome of the motion to dismiss.

I

█ The first claim for relief seeks redress under 49 U.S.C. §§ 1302(a)(3) [3] and 1374(b).[4] At the outset I note that § 1302(a) is a statement of six principles which the Civil Aeronautics Board and the courts are to consider as matters in the public interest. As such the section should be referred to when construing or applying other sections of the Act. Such a statement of principles or purpose cannot, standing alone, be the source of a private right of action. Rather, the principles set out should be considered when interpreting § 1374(b) to determine whether or not that latter section provides plaintiff with a remedy.

II

The test set out in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), should be applied in determining whether or not a private right of action should be implied for this case from § 1374(b). *See, e. g., Mason v. Belieu*, 177 U.S.App.D.C. 68, 74, 543 F.2d 215, 221 (1976), *cert. denied* 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127; and *Polansky v. Trans World Airlines, Inc.*, 523 F.2d 332, 334 (3rd Cir. 1975). The *Cort* opinion requires an analysis of the facts of each case against four factors. First, was the statute intended to protect this particular class of person from this particular

---

**3.** In the exercise and performance of its powers and duties under this Act with respect to interstate and overseas air transportation, the Board shall consider the following, among other things, as being in the public interest, and in accordance with the public convenience and necessity: * * * (3) The availability of a variety of adequate, economic, efficient, and low-price services by air carriers without unjust discriminations, undue preferences or advantages, or unfair or deceptive practices, the need to improve relations among, and coordinate transportation by, air carriers and the need to encourage fair wages and equitable working conditions.

**4.** No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person, port, locality, or description of traffic in air transportation in any respect whatsoever or subject any particular person, port, locality, or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

harm. Second, did the legislature indicate any intent to create a private remedy. Third, would the private remedy be consistent with the legislative goals. Fourth, is the cause of action one traditionally left to state law. 422 U.S. at 78, 95 S.Ct. 2080.

## A

As to the second *Cort* factor, I have reviewed the relevant Congressional Records and Senate and House Reports, but I have been unable to find any expression of legislative intent to create a private right of action one way or the other. Accordingly, I will be guided by the opinion in *Mason, supra,* 177 U.S.App.D.C. at 74, 543 F.2d at 221, and will base my conclusions in the instant case solely on the remaining three considerations.

## B

■ The first and third considerations require inquiry into the statutory purposes underlying the Federal Aviation Act. *Mason, supra,* contains the most comprehensive guidance for such an inquiry. That case involved a would-be Pan Am passenger and his wife, the Masons. Mr. Mason, after having been forcibly deported from the Panama Canal Zone, booked a flight back to Panama. Pan Am refused permission for Mason to board without prior assurances from the government of Panama that it would allow Mason to enter the country. Mason sued for damages occasioned by the carrier's refusal of transportation. Mrs. Mason, who remained in Panama throughout these events, sued for damages resulting from emotional distress. In holding that Mr. Mason did have an implied cause of action for damages under § 1374(b), but Mrs. Mason did not, the court undertook a thorough review of the legislative history. The court concluded that the statute was intended solely to assure fair and equitable air transport rates and equal access to the use of interstate transportation facilities. In other words, the Federal Aviation Act is designed to protect the consumers of interstate air transportation from discriminatory treatment. 177 U.S.App.D.C. at 71–72, 543

F.2d at 218–19. *See also Sanders v. Air India,* 454 F.Supp. 1371 (S.D.N.Y.1978). Thus § 1374(b) has been used to prohibit racially segregated facilities in airline terminals, *United States v. City of Montgomery,* 201 F.Supp. 590 (M.D.Ala.1962), and to provide a remedy for passengers "bumped" from overbooked flights, *Mortimer v. Delta Air Lines,* 302 F.Supp. 276 (N.D.Ill.1969). My own research efforts have failed to find any case granting someone other than a passenger or cargo owner a cause of action under § 1374(b).

Plaintiff would distinguish *Mason* and *Polansky v. Trans World Airlines, Inc.,* 523 F.2d 332 (3rd Cir. 1975) from the instant case on the ground that the disallowed claims in *Mason* and *Polansky* were for injuries "too remote" from actual carrier operations. In *Polansky* the court denied an implied cause of action under § 1374(b) to plaintiffs who claimed that "inferior ground accommodations" were provided to some, but not all, passengers on a group excursion sponsored by a regulated carrier. In denying the requested relief the court specifically stated that "the statute aims to protect the right of *access* to air facilities from discriminatory interference by the air carrier." 523 F.2d at 335 (emphasis in original). While plaintiff's observation concerning the "remoteness" of the injuries in *Mason* and *Polansky* may be valid, that observation nevertheless overlooks the explicit reason given by each court for its refusal to imply a cause of action—namely, the statutory purpose of protecting equal access to air transport facilities.

Consequently, as to the first and third considerations set forth by the *Cort* opinion, I find that plaintiff is not the type of person the statute is intended to protect, nor is he suffering from the kind of harm which the statute is intended to remedy. Plaintiff is not attempting to use or "consume" the facilities of air transportation, nor is he being denied access to those facilities in a discriminatory manner. An implied private remedy, therefore, would not further the legislative goal of promoting equal access to the facilities of interstate air transportation.

### C

The *Cort* opinion phrases the fourth consideration in terms of whether or not the cause of action is one traditionally left to state law. In the context of the age discrimination claimed in this case I think it appropriate to rephrase the fourth factor so that the question is whether the cause of action is one traditionally left to state or other areas of federal law. Although Colorado does not appear to have an age discrimination statute—the Colorado Antidiscrimination Act of 1957, Colo.Rev.Stat. §§ 24–34–301, *et seq.* (1973), applies only to discrimination due to "race, creed, color, sex, national origin, or ancestry"—the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the Age Discrimination Act) is a comprehensive statutory scheme which provides an express private remedy for age discrimination.

■ Kodish, it appears, cannot avail himself of the remedy provided by the Age Discrimination Act. 29 U.S.C. § 631 provides that only "individuals who are at least forty years of age but not more than seventy years of age" are protected by the statute. The legislative history and regulations promulgated by the Secretary of Labor make clear the fact that a 32 year old plaintiff, such as Kodish, does not have a cause of action for age discrimination under federal law. The House Report for this statute cited the example of airline stewardesses, who must apparently "retire" by the age of 32, as people beset by an obvious age discrimination problem, yet who will have no remedy under the Age Discrimination Act. 1967 U.S. Code Congressional and Administrative News, pp. 2213, 2219. Thus Congress expressly recognized that the remedy it fashioned was not all-inclusive. Moreover, under 29 U.S.C. § 628 the Secretary of Labor is empowered to establish exemptions from any provision of the Age Discrimination Act. No exemption for people in plaintiff's position has been established. *See* 29 C.F.R. §§ 850.15 and 850.16 (1977). Instead, two other regulations cover plaintiff's situation. 29 C.F.R. § 860.-91(b) (1977) states that "the Act, however,

does not restrain age discrimination between two individuals 25 and 35 years of age." 29 C.F.R. § 860.102 (1977) specifically points to airline pilots as one example where "compulsory age limitations for hiring . . . when . . . clearly imposed for the safety and convenience of the public" are proper under the Age Discrimination Act.

The importance of the Age Discrimination Act lies in the fact that Congress and the Secretary of Labor have set out a comprehensive statutory and administrative scheme within which persons aggrieved of age discrimination in employment matters may seek appropriate relief. Given the unmistakable Congressional indication that 32 year old persons, such as Kodish, have no remedy under the statutory scheme, it is not for the courts to circumvent that Congressional intent by implying the very same remedy under the Federal Aviation Act. It would be anomalous for this Court to hold that 32 year old airline pilots may sue their employers under the Federal Aviation Act for age discrimination while 32 year old engineers are denied the very same right under the Age Discrimination in Employment Act. I find that the comprehensive and statutory and administrative scheme set forth in 29 U.S.C. § 621, *et seq.*, and related regulations, indicate a Congressional intent to preclude the use of any other federal statute as the source of an implied private right of action for age discrimination.

### D

■ Based upon the foregoing, I find that the test in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), is not satisfied on the facts of this case, and that a private right of action for putative pilots discriminated against because of their age cannot be implied under 49 U.S.C. §§ 1374(b) and 1302(a)(3).

### III

Plaintiff cites *Colorado Anti-Discrimination Comm'n. v. Continental Air Lines, Inc.*, 372 U.S. 714, 83 S.Ct. 1022, 10 L.Ed.2d 84

(1963), for the proposition that the predecessor to § 1374(b) does provide a remedy for would-be pilots not hired for discriminatory reasons. Putting aside the question of whether or not this case survives the decision in *Cort v. Ash, supra,* I do not read the case as standing for the stated proposition.

In the *Continental* case, Marlon D. Green, a black, had applied for a job as a pilot with Continental. When it refused to hire Green he instituted proceedings under the Colorado Antidiscrimination Act of 1957, now Colo.Rev.Stat. §§ 24–34–301, *et seq.* (1973). The state courts held that the predecessor to 49 U.S.C. § 1374(b) preempted the area to the exclusion of any state law. The United States Supreme Court reversed in the cited opinion. The Court indicated that even if it were to assume that Congress intended § 1374(b) to provide Green with a cause of action, Congress nevertheless did not intend to bar state legislation on the same subject matter. 372 U.S. at 723–24. The Court did not hold that § 1374(b) does in fact apply to provide a remedy for pilot applicants, for that question simply was not before the Court.

### IV

In his second claim for relief Kodish would proceed under 42 U.S.C. § 1981.[5] That section is part of the Civil Rights Act of 1866, as amended (the Civil Rights Act). The Civil Rights Act is addressed to prohibiting racial discrimination with respect to the various rights enumerated by Congress. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1969). The Act is "an equalizing provision, seeking to ensure that rights do not vary according to race." *Long v. Ford Motor Co.,* 496 F.2d 500, 505 (6th Cir. 1974). *See also Olivares v.*

*Martin,* 555 F.2d 1192, 1195–96 (5th Cir. 1977); *National Association of Government Employees v. Rumsfeld,* 413 F.Supp. 1224 (D.D.C.1976), *affirmed sub nom. National Association of Government Employees v. Brown,* 181 U.S.App.D.C. 199, 556 F.2d 76 (1977); *Sabol v. Snyder,* 524 F.2d 1009 (10th Cir. 1975); *Apodaca v. General Electric Co.,* 445 F.Supp. 821 (D.N.M.1978); *Boling v. National Zinc Co.,* 435 F.Supp. 18 (N.D.Okl. 1976); *Board of Education v. American Federation of State, County and Municipal Employees,* 401 F.Supp. 687, 692 (N.D.Ga. 1975).

[5, 6] In order to state a claim for relief under § 1981 Kodish must allege such facts as would permit this Court to find that plaintiff was "unable to make or enforce a contract that white citizens are able to make or enforce." *Long, supra* at 504. After a careful and thorough review of the amended complaint I find that no such allegations of discrimination because of race are made. Kodish alleges only that United prevented him from making a contract that citizens younger than thirty years of age were able to make or enforce. Kodish may well be the victim of discrimination on the basis of his age; such allegations are, nevertheless, insufficient as a matter of law to make out a claim on which relief can be granted under 42 U.S.C. § 1981.

### V

The final claim for relief rests on Executive Order 11141, 29 Fed.Reg. 2477 (1964). This Order essentially declares a policy of the executive branch of the United States government against discrimination on the basis of age by government contractors.[6]

---

5. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

6. Executive Order 11141 states, in pertinent part:

I hereby declare that it is the policy of the Executive Branch of the Government that (1)

contractors and subcontractors engaged in the performance of Federal contracts shall not . . . discriminate against persons because of their age except upon the basis of a *bona fide* occupational qualification . . and (2) that contractors and subcontractors . . . shall not specify, in solicitations or advertisements for employees to work on Government contracts, a maximum age limit for such employment unless the specified maximum age limit is based upon a *bona fide* occupational qualification. . . .

Plaintiff argues that the executive policy creates a right which is enforceable in this Court. Such a proposition is novel, to say the least, and wholly unsupportable under the law.

One of the oldest axioms of American jurisprudence sets out the principle that federal courts are courts of limited jurisdiction. This Court possesses neither the power nor the authority to assume jurisdiction over a matter where Congress has granted none. *Vigil v. United States*, 293 F.Supp. 1176, 1185 (D.Colo.1968), *affirmed* at 430 F.2d 1357 (10th Cir. 1970). *See also Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *National Indian Youth Council v. Bruce*, 485 F.2d 97, 99 (10th Cir. 1973), *cert. denied* 417 U.S. 920, 94 S.Ct. 2686, 41 L.Ed.2d 226 (1974); *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972); *McCord v. Dixie Aviation Corp.*, 450 F.2d 1129, 1131 (10th Cir. 1971). With this in mind I will examine the jurisdiction provisions of Title 28 of the United States Code in order to determine whether or not Congress has granted this Court jurisdiction to hear a claim for damages resulting from violation of an Executive Order.

Plaintiff cites 28 U.S.C. §§ 1331, 1332, 1337, and 1343 as sources of jurisdiction in this matter. Section 1331 grants jurisdiction over all federal questions involving more than $10,000 in controversy. A federal question is one which "arises under the Constitution, laws, or treaties of the United States." There is no question that the Executive Order in question is neither a treaty nor a part of the Constitution. It has also been held that Executive Orders issued without statutory authority and providing for presidential implementation, such as Executive Order 11141, are not "laws" of the United States within the meaning of 28 U.S.C. § 1331. *Dreyfus v. Von Finck*, 534 F.2d 24, 29 (2nd Cir. 1976), *cert. denied* 429 U.S. 825, 97 S.Ct. 102, 50 L.Ed.2d 101.

Plaintiff has cited *Lewis v. Western Airlines, Inc.*, 379 F.Supp. 684 (N.D.Cal. 1974), in support of his argument. That case held that a private cause of action could be maintained under Executive Order 11246, as amended, 3 C.F.R. 169 (1974). I note that another division of the same court which decided the *Lewis* case has reached the opposite conclusion. *Traylor v. Safeway Stores, Inc.*, 402 F.Supp. 871 (N.D.Cal. 1975). *See also* the cases collected in *Rogers v. Frito-Lay, Inc.*, 433 F.Supp. 200, 202 n. 1 (N.D.Tex.1977). Moreover I also note that the Executive Order which was the subject of the *Lewis* case was issued pursuant to statutory authority granted by the Congress. *Farkas v. Texas Instrument, Inc.*, 375 F.2d 629, 632 n. 1 (5th Cir. 1967), *cert. denied* 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471. No showing has been made that Executive Order 11141, the subject of the instant dispute, was promulgated pursuant to Congressional authority. I conclude that an Executive Order which is not promulgated pursuant to Congressional authority is not a "law" within the meaning of 28 U.S.C. § 1331, and that a private right of action under § 1331 may not be founded upon such an Order.

Section 1332 grants jurisdiction over civil actions involving more than $10,000 in controversy and complete diversity of citizenship between plaintiff and defendant. Although the complaint certainly alleges the requisite diversity and amount in controversy, plaintiff must still show some basis in state or federal law for his claim. He has not done so. I have reviewed Colorado law and I am unable to find any statute or case which grants a cause of action based upon a policy of the federal executive branch. I have similarly been unable to find any basis in federal law for such a claim. I hold that Executive Order 11141 does not establish a right which is enforceable in this Court under the federal diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

Section 1337 grants jurisdiction over claims arising under Congressional acts regulating commerce or trade. This section grants jurisdiction to hear any claim which might exist under the Federal Aviation Act.

Executive Order 11141, however, is not an "Act of Congress" within the meaning of 28 U.S.C. § 1337. Consequently, that statute cannot be used to cloak this Court with jurisdiction to hear a claim purportedly arising under the Executive Order.

 Section 1343 essentially grants jurisdiction to hear claims relating to civil rights and exercise of the elective franchise. This section provides the Court with jurisdiction to hear any claim which might exist under the Civil Rights Act. As with § 1337, however, Executive Order 11141 is not an "Act of Congress" within the meaning of the statute, nor is the Executive Order one of the statutory provisions expressly referenced in § 1343. Consequently, that statute cannot be used to cloak this Court with jurisdiction to hear a claim purportedly arising under the Executive Order.

In addition to the four sections cited by plaintiff, I have reviewed all 31 jurisdictional provisions, 28 U.S.C. §§ 1331, *et seq.*, and I find that none of them confers jurisdiction on this Court to hear a claim purportedly arising under the Executive Order.

## CONCLUSION AND ORDER

I hold that the first and second claims for relief in the amended complaint do not state claims for which relief can be granted under the laws of the United States. I hold that this Court lacks jurisdiction over the subject matter of the third claim for relief in the amended complaint. It is therefore

ORDERED that defendant's motion to dismiss be, and the same hereby is, granted; it is further

ORDERED that the amended complaint and cause of action be, and the same hereby are, dismissed with prejudice.