Mark **KODISH**, Plaintiff-Appellant,

v.

**UNITED AIR LINES, INC.,**
**Defendant-Appellee.**

No. 79–1245.

United States Court of Appeals,
Tenth Circuit.

Argued July 11, 1980.
Decided Sept. 5, 1980.

Herbert H. Galchinsky, Denver, Colo. (Galchinsky & Silverstein, Denver, Colo., on brief), for plaintiff-appellant.

Hans U. Stucki, Chicago, Ill. (Paul M. Tschirhart, Chicago, Ill., James Soran and Richard O. Campbell of Montgomery, Little, Young, Campbell & McGrew, Denver, Colo., on brief), for defendant-appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Mark Kodish, age 30, applied for a job as pilot with United Air Lines, Inc. At the time of Kodish's application, United required applicants for flight crew positions to be between the ages of 21 and 29 years, inclusive. Accordingly, United rejected Kodish's application on account of his age. United later changed the upper limit for flight crew applicants to 35 years and invited Kodish, still age 30, to reapply. However, United again rejected the application, citing as reason therefor the greater experience of other applicants.

It was in this setting that Kodish brought suit against United claiming that United had discriminated against him because of his age. The amended complaint set forth three claims for relief: (1) a claim based on the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 1302(a)(3) and 1374(b); (2) a second claim based on the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; and (3) a third claim based on Executive Order 11141, 29 Fed.Reg. 2477 (1964).

To Kodish's complaint United filed a motion to dismiss, alleging that the amended complaint failed to state a claim on which relief could be granted and that there was a general lack of jurisdiction over subject matter. The trial court granted United's motion to dismiss, and dismissed with prejudice the amended complaint and the causes of action set forth therein. In so doing, the trial court concluded that the first and second claims did not state a claim on which relief could be granted, and that the trial court lacked subject matter jurisdiction over the third claim. The Memorandum Opinion and Order appears as *Kodish v. United Airlines, Inc.*, 463 F.Supp. 1245 (D.Colo.1979). Kodish now appeals. We affirm.

The trial court's Memorandum Opinion and Order is commendably clear, comprehensive and quite correct in the result reached. In such circumstance, we do not propose to repeat here that which is well said in the trial court's order. We do not need to here delineate the outer limits of 49 U.S.C. §§ 1302(a)(3) and 1374(b) or 42 U.S.C. § 1981. It is sufficient to hold that neither statute creates a private cause of action for putative pilots who are denied employment by an airline on account of age.

We do not agree with the argument that *Colorado Anti-Discrimination Commission v. Continental Air Lines, Inc.*, 372 U.S. 714, 83 S.Ct. 1022, 10 L.Ed.2d 84 (1963) dictates a contrary result. In that case the Supreme Court simply assumed, for the purposes of that case, that a predecessor statute to 49 U.S.C. § 1374(b) protected those applying for a job with an airline as a pilot from discrimination on account of race. Such, however, was *not* the holding of the Supreme Court. Based on such cases as *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and *Mason v. Belieu*, 543 F.2d 215 (D.C.Cir.), *cert. denied*, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976), we conclude, as did the trial court, that Kodish

has no implied private cause of action under 49 U.S.C. §§ 1302(a)(3) and 1374(b).

Similarly, Kodish has no cause of action under 42 U.S.C. § 1981. This is not a race discrimination case. Rather, it is a case of alleged age discrimination, nothing more. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

In like vein, Kodish has no cause of action by virtue of the executive order declaring it to be the policy of the United States that contractors doing business with the United States shall not discriminate against their employees on account of age. We agree with the trial court that such executive order does not create a right which Kodish can enforce in the courts against United under the circumstances described in the amended complaint. *Farkas v. Texas Instrument, Inc.*, 375 F.2d 629 (5th Cir.), *cert. denied*, 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967). See also *Acevedo v. Nassau County, New York*, 500 F.2d 1078, 1083–84 (2nd Cir. 1974).

Judgment affirmed.