Janet SQUIRE, Jamie Belgard–Krause, and Jeffrey Nemyo, Plaintiffs,

v.

UNITED AIRLINES, INC., a Delaware corporation, Defendant.

No. 94–D–1266.

United States District Court, D. Colorado.

July 29, 1997.

Lynn L. Palma, Lynn L. Palma & Assoc., P.C., Denver, CO, for Plaintiffs.

Michael D. Nosler, Samuel M. Ventola, Rothgerber, Appel, Powers & Johnson, Denver, CO, for Defendant.

## ORDER

DANIEL, District Judge.

### I. INTRODUCTION

Plaintiffs assert violations of the Federal Vocational Rehabilitation Act of 1973 ("the Rehabilitation Act") and the Air Carriers Access Act of 1986 ("ACAA") based on United Airlines, Inc.'s ("United") alleged discrimination against Plaintiffs because of a disability; *i.e.*, by United's refusal to hire them as flight officers because they had received radial keratotomy eye surgery. A Second Amended Complaint was filed which added Nemyo as a party.

Presently, there are several pending motions before the Court including United's Motion to Dismiss or for Summary Judgment, United's Motion to Dismiss Claims of Jeffrey Nemyo ("Nemyo") in the Second Amended Complaint, and the Plaintiffs' Cross Motion for Partial Summary Judgment. I vacated the motions hearing originally scheduled for June 30, 1997 because I concluded that oral argument would not materially assist me in deciding the pending motions.

### II. ANALYSIS

#### A. United's Motions

##### 1. Res Judicata

I first address United's argument in its Motion to Dismiss or for Summary Judgment that the claims of Plaintiffs Janet Squire ("Squire") and Jamie Belgard–Krause ("Belgard") are barred by the doctrine of res judicata.[1] United asserts that the doctrine of res judicata bars the present claims because Squire and Belgard could have brought these claims in a prior state court action. The state court action, *Jamie Belgard–Krause, Janet Squire, and all other persons similarly situated v. United Airlines, Inc.*, Civil Action Number 89 CV 9781 ("*Belgard I*"), was filed in the District Court for the City and County of Denver under Colorado's

handicap discrimination laws and sought relief based on United's alleged discrimination through its failure to hire Plaintiffs as flight officers because of their receipt of radial keratotomy eye surgery. In that proceeding, summary judgment was entered in favor of United based on a finding that Plaintiffs' claims, as grounded in State law, were preempted both impliedly and expressly by the Federal Aviation Act.[2]

I must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir.1996). In Colorado, the doctrine of res judicata provides "that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim." *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396, 399 (1973). The doctrine "bars relitigation not only of issues actually decided, but of all issues that might have been decided." *Id.* 517 P.2d at 399. The Colorado Supreme Court has explained the requirements of the doctrine as follows:

> Res judicata constitutes an absolute bar to subsequent actions only when both the prior and subsequent suits have 'identity of subject matter, identity of cause of action, and identity of capacity in the persons for which or against whom the claim is made.'

*Michaelson v. Michaelson*, 884 P.2d 695, 699 (Colo.1994).

Applying the foregoing analysis to the case at hand, it is undisputed that *Belgard I* and this case have identical parties. Further, the subject matter is identical in that both cases relate to the alleged discrimination by United against persons applying for flight officer positions who previously had radial keratotomy surgery. The only difference between the two cases is that *Belgard I* sought relief under certain state discrimination statutes whereas this case seeks relief

---

1. This argument is not asserted as to Nemyo since he was not involved in the prior action. I also note that because United's motions refer to matters outside the pleadings, I will treat them as motions for summary judgment. Fed.R.Civ.P. 12(b). Thus, I will view the evidence in the light most favorable to the Plaintiffs as the nonmoving

parties. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991).

2. *See* Decision Regarding Motion for Summary Judgment on Issue of Preemption dated February 19, 1991, p. 3, Exhibit E to United's Motion to Dismiss or for Summary Judgment.

under two federal statutes. Nevertheless, the "same claim or cause of action" requirement "is determined by the injury for which relief·is demanded, and not by the legal theory on which the person asserting the claims relies." *Id.* Clearly, the injury in this case is the same as that alleged in *Belgard I.* Thus, I conclude that the elements of res judicata are met.

Squire and Belgard argue that res judicata is inapplicable because: (1) the Colorado courts would not give preclusive effect to *Belgard I* since a decision that state law is preempted by federal law is not a decision "on the merits", *i.e.,* decisions based on lack of jurisdiction cannot be used as a bar in a later suit; (2) Plaintiff Nemyo defeats the "identity of parties" requirement; (3) the federal claims presented in this action could not have been brought in the state court action; and (4) they were denied an opportunity to be heard on the merits of their civil rights claims.

■ As to the first argument, I disagree with Plaintiffs that the state court's preemption decision is a jurisdictional ruling that defeats the use of res judicata by·this Court. Plaintiffs have cited no cases·that support their position; instead, the cases support United's position. *See Turnbow v. Pacific Mutual Life Ins. Co.,* 934 F.2d 1100 (9th Cir.1991); *Pan American World Airways, Inc. v. Abrams,* 764 F.Supp. 864 (S.D.N.Y. 1991). As to the argument regarding the inclusion of Nemyo as defeating the "identity of parties" requirement, this argument is without merit since United is not seeking to use the res judicata doctrine against him and there is no bar to using the doctrine against Squire and Belgard. *See Dreyfus v. First National Bank of Chicago,* 424 F.2d 1171, 1175 (7th Cir.), *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63 (1970).

■ Also, I disagree with the third argument that the federal claims could not have been brought in *Belgard I.* As United notes, the complaint in *Belgard I* could have been amended to include the claims asserted in Federal court, including the claim under the ACAA which was passed during the pen-

dency of the state court proceeding. The fact that the state of the law was confusing on the requirements of the Rehabilitation Act did not preclude Plaintiffs from filing these claims in *Belgard I* and urging a clarification of the law. As·to the fourth argument, res judicata often bars a person from having their claims heard if they fail to assert them in the first action. The·fact that the state court dismissed the first action without a trial on·the merits is irrelevant to my decision that res judicata is a bar to the Plaintiffs' ability to prosecute the pending claims. Finally, I find that no exceptions to res judicata are applicable.

Accordingly, I find that summary judgment is appropriate as to the claims of Squire and Belgard·based on the doctrine of res judicata.

### 2. *Statute of Limitations*

■ An additional ground for summary judgment against Squire and Belgard is the statute of limitations. Since neither the Rehabilitation Act nor the ACAA specifies the limitation period for actions under their provisions, I must look to the most analogous state statute of limitations. *See Garcia v. Wilson,* 731 F.2d 640, 651 n. 4 (10th Cir. 1984), *aff'd,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). On April 15, 1986, the Colorado statute of limitations for claims based on federal statutes was two years and the "residuary" statute of limitations·for which no cause of action was specified was three years. Colo.Rev.Stat. §§ 13–80–106, 108(1)(b) (1985). On that same date, Belgard was told by United that she was rejected because of her radial keratotomy surgery which means that I find that her cause of action accrued on that date. As to Plaintiff Squire, she learned in July of 1986 that she had been rejected for employment because of radial keratotomy surgery. Thus, I find that this is the date her cause of action accrued. At that time, the statute of limitations for both federal claims and "residuary"·claims was two·years. Colo. Rev. Stat. § 13–80–102(1)(g) and (l).[3] Plaintiffs filed·the complaint in this case on June 17, 1994, some

---

**3.** The statute of limitations were amended effective July 1, 1986.

seven or eight years after both Plaintiffs' claims had accrued.

■ Squire and Belgard do not dispute that they filed their claims outside the statute of limitations. However, they attempt to circumvent the statute of limitations bar by arguing both that there was a continuing violation such that their claims were timely and that equitable tolling should be applied. I find that both arguments are unpersuasive. The Tenth Circuit holds that "a claim of discrimination may include challenges to incidents which occurred outside the statutory time limitations of Title VII if the various acts constitute a 'continuing pattern of discrimination.'" *Purrington v. University of Utah,* 996 F.2d 1025, 1028 (10th Cir.1993). This doctrine may be invoked either by showing "(1) a series of related acts taken against a single individual, one or more of which falls within the limitations period, or (2) the maintenance of a company-wide policy of discrimination both before and during the limitations period." *Id.*

In this case, there was not a series of related acts or even one act taken against either Squire or Belgard within the limitations period. Moreover, "[i]f an event or series of events should have alerted a reasonable person to act to assert her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine...." *Price v. Public Service Co.,* 850 F.Supp. 934 (D.Colo.1994), *rev'd on other grounds,* 89 F.3d 851 (10th Cir.1996). Squire and Belgard knew of the alleged discrimination by United as of, at the latest, the date that *Belgard I* was filed in 1989, some five years before this suit was filed. Finally, equitable tolling is only available in this Circuit in cases where active deception by the employer has caused the filing to be late. *Purrington,* 996 F.2d at 1030. There is no such evidence presented in this case.

Accordingly, summary judgment is also appropriate as to the claims of Squire and Belgard based on Colorado's controlling statute of limitations provisions.

### 3. The Rehabilitation Act

■ I next address United's argument that summary judgment is appropriate as to all Plaintiffs, including Nemyo, on the Rehabilitation Act claim because they failed to show that United received "federal financial assistance" as required in order to state a claim under Section 504 of the Act, 29 U.S.C. § 794. This Section, as it existed at the time of Plaintiff Squire's and Belgard's claims, stated, in pertinent part, as follows:

> No otherwise qualified handicapped individual .... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity receiving Federal financial assistance.

*Id.*

Although the Rehabilitation Act was subsequently amended by the Civil Rights Restoration Act, the Tenth Circuit has held that these amendments do not apply retroactively. *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.,* 911 F.2d 1377, 1393 (10th Cir.1990), *cert. denied,* 498 U.S. 1074, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). Under the Act prior to amendment, it is not enough for Squire and Belgard to show that United received some federal funds. Instead, they must show discrimination in connection with "the specific program that receives federal funds." *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 635, 104 S.Ct. 1248, 1255, 79 L.Ed.2d 568 (1984); *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159 (10th Cir.1986) ("A private plaintiff in a section 504 case must show that the program or activity with which he or she was excluded itself received or was directly benefitted by federal financial assistance").

■ I note that the amendments may apply to Nemyo's claims. *See* 29 U.S.C. § 794(a). An entire private corporation will only be covered under the amendments if financial assistance is granted to the corporation "as a whole" or if it is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation. 29 U.S.C. § 794(b)(3)(A)(i) and (ii). Simply engaging in a contract for services with the government does not entail receipt of federal funds. Rather, "an entity receives financial assistance when it receives a subsidy." *Mass v. Martin Marietta Corp.,* 805 F.Supp. 1530, 1542 (D.Colo.1992) (*quot-*

*ing DeVargas,* 911 F.2d at 1382). The receipt of funds for airport services or the air traffic control system has been held to not constitute receipt of federal funds. *United States Dept. of Transportation v. Paralyzed Veterans,* 477 U.S. 597, 607, 106 S.Ct. 2705, 2712, 91 L.Ed.2d 494 (1986); *Jacobson v. Delta Airlines, Inc.,* 742 F.2d 1202, 1215 (9th Cir.1984), *cert. dismissed,* 471 U.S. 1062, 105 S.Ct. 2129, 85 L.Ed.2d 493 (1985).

■ Here, although Plaintiffs allege general ways that United receives federal funds, they have failed to show that United is subsidized by federal funds, that a program or activity for which they were excluded (i.e. the program or activities associated with flight officers) received federal financial assistance, or that there exist other factors triggering coverage under the Act. Plaintiffs argue, however, that they should be allowed to conduct discovery on this issue. This argument, while sound, is unavailing because I find that summary judgment is warranted, as to this claim, on another ground.

■ Based on my review of the file, I find that Plaintiffs cannot establish a handicap for which they suffered discrimination. *See Sutton v. United Airlines,* No. 96–S–121, 1996 WL 588917 (D.Colo.1996). In *Sutton,* Judge Sparr granted a motion to dismiss based on the Americans with Disabilities Act ("ADA") holding that the plaintiffs, who were pilot applicants that did not meet United's minimum uncorrected vision standards, were not "disabled" within the meaning of the ADA. *Id.* at *5. I adopt his reasoning to hold that summary judgment is also appropriate for persons such as Plaintiffs who have had radial keratotomy surgery. *See also Kuehl v. Wal–Mart Stores, Inc.,* 909 F.Supp. 794, 799–800 (D.Colo.1995) (noting that "an impairment that an employer perceives as limiting an individual's ability to perform only one job is not a handicap under the Rehabilitation Act"). The analysis for whether a person is "disabled" is the same under the Rehabilitation Act and the ADA. *Id.*

Accordingly, for the above reasons, I find that summary judgment is appropriate as to Plaintiffs' claim for alleged violations of the Rehabilitation Act.

### 4. *ACAA*

■ Finally, I address United's argument that summary judgment is appropriate as to the claims of Nemyo, Squire and Belgard because they have failed to state a claim for relief under the ACAA. Specifically, United argues that the ACAA does not apply, by its terms, to putative airline employees; instead, it covers only claims of customers of airlines. The ACAA, in pertinent part, provides as follows:

> (1) No air carrier may discriminate against any otherwise qualified handicapped individual, by reason of such handicap, in the provision of air transportation.

*See* 49 U.S.C.App. § 1374(c)(1).

United relies on *Kodish v. United Airlines, Inc.,* 463 F.Supp. 1245 (D.Colo.1979), *aff'd,* 628 F.2d 1301 (10th Cir.1980), a ruling wherein this Court held that an earlier, even broader statute than that relied on by Plaintiffs, barred claims by a person seeking employment with United since "Plaintiff is not attempting to use or 'consume' the facilities of air transportation, nor is he being denied access to these facilities in a discriminatory manner." *Id.,* 463 F.Supp. at 1248. I agree with United that *Kodish* is dispositive of Plaintiffs' claims. Additionally, I note that the provisions of the ACAA were not passed until October 2, 1986, well after United's rejection of Squire's and Belgard–Krause's applications. The provisions of the Act have been held to not apply retroactively. *Anderson v. USAir, Inc.,* 818 F.2d 49 (D.C.Cir.1987). I address Plaintiffs' claim that collateral estoppel applies in their favor as to this claim in the subsequent section.

Accordingly, for the reasons above, I find that summary judgment is appropriate on Plaintiffs' claim for alleged violations of the ACAA.

### B. *Plaintiffs' Cross–Motion for Summary Judgment*

■ Since I have previously held that United's summary judgment motions should be granted as to Plaintiffs' claims, I only briefly address this motion. Plaintiffs seek summary judgment as to the ACAA claim

through the doctrine of collateral estoppel on the basis of United's representations in *Belgard I* that the employment of pilots who provide airlines services relates to "services" within the meaning of the Federal Aviation Act. I reject this argument. The doctrine of collateral estoppel can only be invoked when the issue for which the doctrine is sought was actually and necessarily covered in the prior proceeding. *City and County of Denver, By and Through Board of Water Comm'rs v. Consolidated Ditches Co.,* 807 P.2d 23, 32 (Colo.1991).

The court in *Belgard I* did not address the ACAA in any manner whatsoever. Thus, I fail to see how collateral estoppel could possibly apply. Secondly and more specifically, I believe that a finding that the hiring of airline pilots "relates to" airline services under the Federal Aviation Act is not "identical" to the issue of whether the hiring of pilots constitutes "the provision of air transportation" as required to establish a claim under the ACAA. Finally, I find that United did not have a full and fair opportunity to litigate the issue since the ACAA was not even at issue in *Belgard I.*

Accordingly, Plaintiffs' Cross Motion for Partial Summary Judgment on the Air Carrier Access Act Claim is DENIED.

## III. *CONCLUSION*

For the reasons stated above, it is

ORDERED that United Airlines, Inc.'s Motion to Dismiss or for Summary Judgment is GRANTED. It is

FURTHER ORDERED that United Airlines, Inc.'s Motion to Dismiss Claims of Jeffrey Nemyo in Second Amended Complaint is GRANTED. It is

FURTHER ORDERED that Plaintiffs' Cross Motion for Partial Summary Judgment on Air Carrier Access Act Claim is DENIED. Finally, it is

ORDERED that this case is DISMISSED WITH PREJUDICE.