**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JANET SQUIRE, JAMIE BELGARD-
KRAUSE, and JEFFREY NEMYO,

   Plaintiffs - Appellants,

  v.

UNITED AIRLINES, INC., a
Delaware Corporation,

   Defendant - Appellee.

No. 99-1159
(D. Ct. No. 97-B-2018)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **TACHA**, and **KELLY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

The district court granted summary judgment to defendant on plaintiffs'

various claims of employment discrimination.  Plaintiffs filed a timely appeal.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

Plaintiffs have been in litigation with United Airlines for over ten years. In 1989, Belgard-Krause and Squire filed suit in state court, claiming they were denied employment as pilots with United because they had undergone radial keratotomy (RK) surgery to alleviate the effects of myopia. They asserted that denial of employment on this ground violated Colorado's disability discrimination statute. The state district court concluded that the Federal Aviation Act preempted this state claim and entered summary judgment in favor of United. On appeal, the Colorado Court of Appeals affirmed the ruling. Belgard v. United Airlines, 857 P.2d 467 (Colo. Ct. App. 1992).

In 1994, Belgard-Krause and Squire filed a complaint in federal district court, alleging that the denial of employment violated the Federal Vocational Rehabilitation Act of 1973 ("the Rehabilitation Act") and the Air Carrier Access Act (ACAA). A second amended complaint added Nemyo as a plaintiff. The district court found that the claims of Squire and Belgard-Krause were barred by the doctrine of res judicata. Squire v. United Airlines, Inc., 973 F. Supp. 1004, 1006-07 (D. Colo. 1997) ("Squire I"). While the state court dismissed plaintiffs' claims without a trial on the merits, the district court held that res judicata "bars relitigation not only of issues actually decided, but of all issues that might have

been decided." Id. at 1006 (internal quotation marks and citation omitted). The district court held in the alternative that the statute of limitations barred the claims of Squire and Belgard-Krause. Id. at 1007-08. The court found that Belgard-Krause and Squire both learned in 1986 that they had been rejected as pilots due to RK surgery. Id. at 1007. Since plaintiffs did not file their federal complaint until 1994, the court found that the controlling statutes of limitation barred their federal claims. Id. at 1007-08.

The district court in Squire I also held that none of the three plaintiffs could establish a disability for which they suffered discrimination. Id. at 1009. The court entered summary judgment in favor of defendant on this ground, concluding that persons who have undergone RK surgery do not qualify as individuals with a handicap under the Rehabilitation Act. The court also granted summary judgment on the ACAA claims, concluding that the statute does not apply to putative airline employees. Id.

In 1997, plaintiffs sought reconsideration of the decided issues and requested leave to amend their complaint to add a claim under the Americans with Disabilities Act (ADA). The district court revisited and reiterated the merits of its prior ruling. The court also denied leave to amend, noting that plaintiffs already had filed three amended complaints. On appeal from the district court, we affirmed. Squire v. United Airlines, No. 98-1353, 1999 WL 798062 (10th Cir.

Oct. 7, 1999).

Prior to our ruling on appeal in Squire I, plaintiffs instituted the instant action. In this case, all plaintiffs allege that United violated the ADA through the process of denying them employment. Plaintiff Nemyo also alleges that United further violated the ADA by retaliating against him for participation in the prior federal suit. Plaintiff Squire additionally alleges sex discrimination in violation of Title VII, claiming that United's use of the RK criteria is a pretext for sexual discrimination. In 1998, the district court granted summary judgment in favor of United on the retaliation and sex discrimination claims. In 1999, the court denied plaintiffs' motion under Fed. R. Civ. P. 56(f) for further discovery and granted summary judgment on all remaining ADA claims. The court dismissed all claims on the merits, and, in the alternative, found the claims of Squire and Belgard-Krause time-barred. Plaintiffs now challenge the district court's two summary judgment rulings and its denial of their motion to reopen discovery. We review de novo the district court's decision granting summary judgment. Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1313 (10th Cir. 1999). We review the district court's refusal to grant a Rule 56(f) motion for abuse of discretion. Ben Ezra, Weinstein, & Co. v. America Online, Inc., __ F.3d __ , 2000 WL 275543, at *4 (10th Cir. Mar. 14, 2000).

## II.

As the procedural history suggests, some of the issues in this appeal can be resolved by reference to Squire I. Plaintiffs are bound by that court's finding that they do not have a cognizable handicap under the Rehabilitation Act. Cases decided under the Rehabilitation Act are generally applicable to cases brought under the ADA unless the ADA states otherwise. See Woodman v. Runyon, 132 F.3d 1330, 1339 n.8 (10th Cir. 1997). Therefore, plaintiffs do not qualify as disabled under the ADA. See Sutton v. United Air Lines, Inc., 119 S. Ct. 2139, 2149 (1999) (holding that putative airline pilots with correctable myopia do not qualify as disabled under the ADA).

Plaintiffs now contend that even as non-disabled individuals, they can state claims under the ADA for unlawful pre-employment medical screening. See Griffin v. Steeltek, Inc., 160 F.3d 591, 595 (10th Cir. 1998) (holding that a job applicant need not make a showing that he or she is disabled or perceived as disabled to state a prima facie case that an employer violated the ADA's ban on questioning applicants about their disabilities). Even if plaintiffs could state such claims, the district court correctly concluded that they are time-barred. On appeal, plaintiffs Squire and Belgard-Krause attempt to avoid the time bar, arguing that continuing violations by the defendant should toll the statute of limitations. Plaintiff made this same argument to the district court in Squire I, and that court found their claims untimely. The doctrine of res judicata forecloses

plaintiffs' attempt to escape the statute of limitations here.[1]  Given the prolonged nature of these proceedings, the district court also did not abuse its discretion in disallowing further discovery regarding United's practice of pre-employment medical screening.

Plaintiffs Squire and Nemyo appeal the dismissal of their sexual discrimination and ADA retaliation claims.  The district court found that even if Squire could establish a prima facie case of sexual discrimination, she had not produced sufficient evidence to create a genuine issue of material fact regarding whether United applied the RK surgery standard to females in a discriminatory manner.  We agree.  As the district court noted, the parties to this lawsuit (two women and one man) belie the assertion that United selectively applied its RK standard against women.

To establish a prima facie case of ADA retaliation, a plaintiff must show (1) protected employee action, (2) adverse action by an employer either after or contemporaneous with the employee's protected action, and (3) a causal connection between the employee's action and the employer's adverse action. Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir. 1997).  On Nemyo's retaliation claim, the district court noted that he may have established an

---

[1] The district court in this case dismissed Nemyo's pre-employment screening claim on the merits, and plaintiffs do not challenge this ruling on appeal.

inference of retaliatory motive because United rejected his 1994-1995 pilot application close in time to his participation in Squire I. Assuming that this finding by the district court indicates Nemyo established his prima facie case, United came forward with a nondiscriminatory reason for its adverse action, i.e., its standard policy to reject pilot applicants who have undergone RK surgery. To withstand summary judgment, Nemyo had to demonstrate a genuine dispute of material fact as to whether this explanation was pretextual. Id. at 1323. On the record before us, he failed to do so. Therefore, the district court properly entered summary judgment on this claim in favor of United.

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge