UNITED STATES of America,
Plaintiff,

v.

Harry E. BRADLEY, Aircraft Charters,
Inc. and Houston Aviation Products
Corp., Defendants.

Civ. A. No. 65–H–845.

United States District Court
S. D. Texas,
Houston Division.

Jan. 6, 1966.

Woodrow Seals, U. S. Atty., and William B. Butler, Asst. U. S. Atty., Houston, Tex., for plaintiff.

E. P. Dee, Houston, Tex., for defendants.

CONNALLY, Chief Judge.

The United States sued Harry E. Bradley, Aircraft Charters, Inc. ("Aircraft Charters") and Houston Aviation Products Corp. ("Aviation Products") to recover civil penalties and for an injunction, alleging that the defendants are operating without certain required certification from the Federal Aviation Agency.

Both parties agree that the sole issue before this Court is whether the defendants' operations come within the provisions of 14 C.F.R. § 121.3(f) so as to require the defendants to hold a valid commercial operator operating certificate. That regulation provides:

"No person may engage in the carriage of persons or property for compensation or hire in air commerce without, or in violation of a commercial operator operating certificate and appropriate operations specifications issued under this part."

Both parties rely on the testimony of Harry E. Bradley. His testimony as to his method of operation was full, fair and candid. It is accepted by the Court.

The evidence adduced at the hearing on the motion held on December 13, 1965, revealed the following facts. Bradley is president and principal stockholder of both Aircraft Charters and Aviation Products. Aviation Products buys and sells supplies and used aircraft parts.

Aircraft Charters owns several (four to six) DC3 and C47 aircraft, which are of more than 12,500 pounds maximum certificated take-off weight. These aircraft have been and are being made available under lease agreements to parties wishing air service not provided by regularly scheduled commercial airlines.

In every instance where an airplane is leased, the lessee has exclusive use of it. The defendants have no control over the number of passengers or the amount of cargo carried, except perhaps to fix the upper limit that may be safely carried. The charge made by the defendants for use of an aircraft is calculated upon a mileage basis, without regard to the number of persons or amount of cargo carried. The lessee has control of times of departure and destination, weather conditions permitting, and may even divert the plane in mid-air if desired.

Under the usual lease arrangement, gas, oil, maintenance and repairs are furnished by Aircraft Charters. The crew of the plane is also furnished and paid by Bradley's company. One crew consisting of two men is on the company's payroll full time and others are employed on a daily or weekly basis, as needed. The pilot, of course, has exclusive control of the mechanics of piloting the plane, and has the responsibility to determine whether flying conditions permit the aircraft to be operated. The pilot likewise has authority to have repairs made to an aircraft under lease, and this is paid for by the lessor. Otherwise, the lessee has complete control of the aircraft.

The usual lease agreement provides that the lessor will furnish insurance on the aircraft and liability insurance for the lessee's guests, and that the lessor will hold the lessee harmless for fines and penalties arising from operation of the aircraft.

A lessee who desires to do so, and who can demonstrate that he has a pilot competent to fly the aircraft, may lease an airplane on a flat hourly basis. In such situations, the lessee usually furnishes the gas and oil, and through its pilot has complete control of the aircraft. Accord-

ing to Bradley, this occurs in approximately 10% of his leases.

The precise issue tried by the parties is whether the defendants are "engaged in the carriage of persons or property for hire." It is stipulated that the defendants' planes meet the size requirements necessary for certification. It is not open to question that the defendants are operating in air commerce. [See 49 U.S.C.A. §§ 1301(4), 1301(26).] Thus, if the defendants are engaged in the carriage of persons or property for hire, they must have the certification required by 14 C.F.R. 121.3(f).

■■ No authority in point has been cited, and the Court has found none. The defendant argues that it is the lessee of the plane—not he—who is the carrier of the persons or property. This well may be true as to that fraction of his business whereby he leases the plane to others who through their own pilots, crew, and facilities use it as their own for the term of the lease. However, I think the contrary is true as to his normal operation. Obviously, the purpose of the regulatory provisions is to afford the greater safety and comfort to all who fly and the carrier must meet the stipulated requirements. It is the defendant here who owns, operates through his employees, maintains and offers the services of the airplanes to others who should submit to this regulation. He is the carrier of persons or property for hire. It is not the group of fishermen or the football team who may desire the services of the plane who constitute the "carrier" as used in the cited regulation.

This has been the friendliest of lawsuits. The government does not dispute the testimony given by Bradley. He has been in almost constant communication with the FAA regarding his status. He has received conflicting advice from the regulatory agency as to whether or not a certificate was required, and voluntarily relinquished the certificate which he previously held. The government does not contend that he has failed to maintain a high degree of safety standards in his present operation.

In view of the foregoing, civil penalty for each of the violations charged in the complaint is fixed at One Dollar ($1.00). The injunction as prayed for will issue, effective thirty days from this date, conditioned that the defendant make prompt application for the appropriate certificate and that he pursue his application with diligence; and further conditioned that during the thirty-day interval he will submit to such inspection and regulation as may be desired by the FAA and to which as a certificate holder he would be subject.

The foregoing is adopted as Findings of Fact and Conclusions of Law.

Counsel for the plaintiff will prepare and present appropriate decree.