**Ann ARKIN and Richard Arkin,
Plaintiffs,**

v.

**TRANS INTERNATIONAL AIRLINES, INC., International Weekends' Charter Tours, Inc., International Weekends, Inc., United Synagogue of America, The B.F. Goodrich Company and Air Treads, Inc., Defendants.**

No. CV–82–0842.

United States District Court,
E.D. New York.

Dec. 15, 1982.

Zane & Rudofsky, Edward S. Rudofsky and Frederick A. Polatsek, New York City, for plaintiffs.

Rizzo & Rizzo, Louis J. Rizzo, Pound Ridge, N.Y., Chadbourne, Parke, Whiteside & Wolf, Condon & Forsyth, Levy, Bivona & Cohen, Marlene Monteleone, Mendes & Mount, Joseph J. Asselta and Kevin F. Cook, New York City, for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Defendant, the B.F. Goodrich Company ("Goodrich") has moved to dismiss the Amended Complaint herein pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state federal claims for relief and accordingly for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1337 and 49 U.S.C. § 1374. The defendants, International Weekends' Charter Tours, Inc., International Weekends, Inc. ("Weekends" collectively) and United Synagogue of America ("Synagogue") have cross-moved for the same relief. For the reasons set forth below, the defendants' motion and cross-motions are hereby granted.

This action arises out of a sequence of events leading up to and following an emergency landing at John F. Kennedy Airport precipitated by the explosion on take-off of tires affixed to the aircraft's landing gear. Defendant Goodrich is named as the manufacturer of the tires and Weekends and Synagogue are named as tour operators. In their complaint the plaintiffs allege a jurisdictional basis pursuant to 28 U.S.C. § 1337, which provides:

> (a) The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

Plaintiffs further assert that an actionable right exists under Section 404 of the Act, 49 U.S.C. § 1374, which provides:

(a)(1) It shall be the duty of every air carrier to provide and furnish interstate and overseas air transportation, as authorized by its certificate.

Since the statute authorizes no private civil remedy, plaintiffs' position is that one may be implied. Defendants, Goodrich, United Synagogue, and Weekends, maintain that a private civil remedy may not be implied. Additionally, Goodrich contends that it is not an "air carrier" for purposes of the Act. Plaintiff may not sustain this action against Goodrich without a finding that Goodrich is an air carrier.

▪ Jurisdiction under Section 1337 is established where claims arise under Congressional regulation of commerce or trade. The Federal Aviation Act regulates commerce. Claims genuinely arising under the Act provide a jurisdictional basis. *Rauch v. United Instruments,* 548 F.2d 452 (3rd Cir. 1976); *Fitzgerald v. Pan Am,* 229 F.2d 499, 502 n. 4, 5 (2d Cir.1956); *Kodish v. United Airlines,* 463 F.Supp. 1245 (D.Colo.1979), aff'd 628 F.2d 1301 (10th Cir.1980); *Mortimer v. Delta Airlines,* 302 F.Supp. 276 (N.D.Ill.1976); *East Haven v. Eastern Airlines, Inc.,* 282 F.Supp. 507, 513 (D.C.Conn. 1968); *Killian v. Frontier,* 150 F.Supp. 17, 18 (D.C.Wyo.1957). Whether plaintiffs' action against Goodrich legitimately arises under the Act requires an interpretation of Section 1374 which imposes certain duties upon air carriers. An "air carrier" is defined as "any citizen of the United States who undertakes, whether directly or indirectly or by a lease or any other arrangement, to engage in air transportation." 49 U.S.C. § 1301(3).[1]

▪ Goodrich contends that since it is neither a direct nor an indirect air carrier, section 1374 is facially inapplicable. Goodrich correctly maintains that plaintiff alleges no facts that would establish Goodrich as an air carrier. Plaintiffs' claim against

Goodrich must therefore be dismissed. Goodrich is engaged in "designing, manufacturing, assembling, testing, servicing, and inspecting tires to be used on the landing gear of jet aircraft." (Plaintiffs' Amended Complaint ¶ 32.) This allegation alone fails to support that Goodrich is a direct air carrier.

▪ While the Act does not set forth criteria for determining an indirect air carrier, the Civil Aeronautics Board ("CAB") construes it to be an entity which publicly represents that it engages in air transportation. *Railway Express Agency, Inc. v. CAB,* 345 F.2d 445 (D.C.Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 162, 15 L.Ed.2d 120 (1967). Thus, travel agents, tour operators, and nominal "social clubs" which in fact publicly sell tours and air transportation are "indirect air carriers." *See, e.g., Bratton v. Shiffrin,* 635 F.2d 1228 (7th Cir.), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 939, 67 L.Ed.2d 109 (1980); *CAB v. Carefree Travel, Inc.,* 513 F.2d 375 (2d Cir.1975); *Monarch Travel Services v. ACCI,* 466 F.2d 552 (9th Cir.), *cert. denied,* 410 U.S. 967, 93 S.Ct. 1444, 35 L.Ed.2d 701 (1973); *United States v. Bradley,* 252 F.Supp. 804 (S.D.Tex.1966). Those entities "hold out to the public" that they engage in air transportation, *Railway Express,* 345 F.2d at 448, by selling flights to the general public, *Carefree Travel,* 513 F.2d at 387; by furnishing flights otherwise unserviced by regularly scheduled airlines, *Bradley,* 252 F.Supp. at 805; or by soliciting "members of the general public to purchase tickets on the flights it arranges." *Monarch,* 466 F.2d at 553. The common denominator linking these indirect air carriers is their portrayal and function as providers of travel arrangements and flight transportation. This court finds no legal authority holding a manufacturer, such as Goodrich, to be an air carrier, nor is Goodrich so perceived by the general public. A fortiori, the Act may not be applied to Goodrich.[2]

---

1. The Act further defines "air transportation" as "interstate, overseas, or foreign air transportation or the transportation of mail by aircraft." 49 U.S.C. § 1301(10).

2. Only one court has extended the Act to include a restaurant within its ambit. *United States v. City of Montgomery.* In that federal civil rights action, an airport restaurant providing racially segregated facilities was found to

This court lacks statutory authority to exercise jurisdiction over Goodrich.[3]

■ In determining whether a statute implies a private remedy, the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) prescribes a four-tier inquiry: first, does plaintiff belong to the class "for whose especial benefit the statute was enacted"; second, "is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one"; third, would implying a private remedy be "consistent with the underlying purposes of the legislative scheme"; lastly, is the matter traditionally governed by state law, "so that it would be inappropriate" to infer a federal cause of action. *Id.* at 78, 95 S.Ct. at 2088 (citations omitted).

A consideration of the *Cort* factors precludes this court from inferring a judicial remedy. While plaintiff is a member of the class for whom § 404 of the Act was enacted,[4] the remaining *Cort* factors disfavor implying an actionable right.

Congressional intent, the second *Cort* factor, is determined through the statutory language and legislative history. *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981); *California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 441 U.S. 930, 99 S.Ct. 2048, 60 L.Ed.2d 658 (1979); *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Piper v. Chris-Craft Industries,* 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977); *Polansky v. Transworld Airlines Inc.,* 523 F.2d 332 (3rd Cir.1975); *Obenshain v. Halliday,* 504 F.Supp. 946 (E.D.Va.1981). In the case at bar, the statutory language does not manifest an intent to vest in plaintiffs a private cause of action. The legislative history of the Act is silent, thereby providing no guidance on this issue. *See, e.g., Polansky,* 523 F.2d at 536; *Obenshain,* 504 F.Supp. at 950; *Kodish v. United Airlines, Inc., supra.*

As to the third *Cort* factor, this court must purview the Act's statutory scheme. If the legislative framework would be frustrated by private remedy, a court is not justified in implying one. "Expressio unius est exclusio alterius."[5] This maxim counsels restraint in fashioning judicial relief where the lawmakers have established and set forth the appropriate remedies. A comprehensive legislative design suggests that additional remedies not be fashioned. *Northwest Airlines,* 451 U.S. at 93, 101 S.Ct. at 1581. "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including

---

be an air carrier. That court cited neither authority nor justification for its conclusion.

**3.** Although defendant Air Treads, Inc. has not joined in the instant motions, this defendant's status as an air carrier within the meaning of the Act is questionable. Air Treads, Inc. is denominated in the amended complaint as being "engaged in the business of retreading tires for use on aircraft landing gear." (Amended Complaint ¶ 14). This allegation alone fails to support that Air Treads, Inc. is a direct air carrier. Further, Air Treads, Inc. does not publicly represent that it engages in air transportation, nor is it so perceived by the general public. *See Railway Express Agency, Inc., supra.* However, this court need not even reach this issue because of this court's conclusion that no private remedy under Section 404 may be implied in consideration of the factors enunciated in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1976). *See text, infra.*

**4.** In *Caceres Agency, Inc. v. Trans World Airways,* 594 F.2d 932 (2d Cir.1979) the Second Circuit declared "many years ago this court stated that section 404(b) ... was for the benefit of persons using the facilities of air carriers ... what was the then statutory purpose remains the statutory purpose today; it is the protection of the traveling public." *Id.* at 933 (citations omitted). *Accord, Polansky v. TWA,* 523 F.2d 332 (3rd Cir.1975); *Fitzgerald v. Pan Am,* 229 F.2d 499 (2d Cir.1956); *Lichten v. Eastern Airlines,* 189 F.2d 939 (2d Cir.1951); *Obenshain v. Halliday,* 504 F.Supp. 946 (E.D. Va.1980); *Viking Travel v. Air France,* 462 F.Supp. 28 (D.N.Y.1978).

**5.** "Expression of one thing is the exclusion of another."

an integrated system of procedures for enforcement." *Id.* at 97, 101 S.Ct. at 1583–84. In this light, the Second Circuit's discussion of the Federal Aviation Act is of particular importance:

> The only provision in the Act authorizing a private action is in section 1007(a), 49 U.S.C. § 1487(a). That section authorizes any party in interest to apply to a district court for the enforcement of section 401(a), 49 U.S.C. § 1371(a) which prohibits persons from engaging in air transportation without a CAB certificate. *The CAB or the Federal Aviation Administrator initiates, pursuant to section 1007(a), all enforcement proceedings for other violations of the Act. Congress having thus specifically prescribed the remedies it deems appropriate, courts should not alter the congressional design with remedies of their own choosing.*

*Caceres Agency,* 594 F.2d 932, 933 (emphasis added).

■ Congress created an express private remedy only under the special circumstances of § 1371(a). The fact that *no* private redress is granted in § 1374 is telling. "Obviously, then, when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly." *Touche Ross,* 442 U.S. at 572, 99 S.Ct. at 2487 (citations omitted). It is axiomatic that "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *Passenger Corp. v. Passenger Association,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). Federal interest is currently served by the existing statutory and administrative relief. Buttressed by the Supreme Court's decision in *Piper v. Chris-Craft, supra,* the Second Circuit concluded similarly: "the deterrent effect of damage litigation is largely incidental, and Congress may conclude that statutory compliance will be better achieved by more efficient and less expensive means." *Caceres Agency,* 594 F.2d at 934.

Implying a federal remedy fills no legislative void. Furthermore, dangers inhere in judicial intervention. "Private litigation tends to transfer regulatory interpretation and discretion from the agency to the courts, which are ill-equipped to undertake the burdens thus imposed upon them. Inconsistency in enforcement may well ensue." *Id.* (citation omitted)

Finally, consideration of the fourth *Cort* factor provides little basis for implying federal relief. Plaintiffs' claims consist of breach of warranty, breach of contract, and negligence. Their complaint alleges neither inadequate nor unavailable redress in a state forum.[6] The plethora of state actions brought on such grounds underscores the accessibility of state remedies.

In light of the application of the *Cort* factors to the instant case, this court concludes that it is without statutory authority to hear plaintiffs' section 1374 claims against the movants herein.

■ Assuming, arguendo, that a federal "bumping" or overbooking claim exists against defendant TIA, the adjudication of the other issues which would more appropriately be raised in a state forum is possible only by virtue of an exercise of judicial discretion. The doctrine of pendent jurisdiction enables federal courts to determine state issues raised with a federal claim where sufficient congruity exists between the claims. In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) the Supreme Court found constitutional power to extend jurisdiction if the state and federal claims "derive from a common nucleus of operative fact," and are related such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. Absent "judicial economy, convenience, and fairness to litigants," extending federal jurisdiction is unjustified. 383 U.S. at 726, 86 S.Ct. at 1139.

■ The values enunciated in *United Mine Workers* render a federal forum inap-

---

6. *See, e.g., Polansky v. Tuft,* 523 F.2d at 338, where the Third Circuit Court of Appeals noted the availability of satisfactory state remedies and plaintiff's failure to allege otherwise.

propriate with regard to the instant defendants. Discriminatory or preferential treatment is the essence of a bumping claim. In *Mahaney v. Air France,* 474 F.Supp. 532 (S.D.N.Y.1979) where a ticket-holding passenger was denied access to an overbooked flight, a section 1374(b) remedy was available only because the court concluded that "the basis of this action is not breach of contract . . . but rather violation of the anti-discrimination and preference section of the Federal Aviation Act," (citations omitted) and further that "were the allegations in this complaint (for breach of contract or warranty) the court might well be persuaded to dismiss the action." *Id.* at 535 fn. 8.

A cognizable section 1374(b) claim contemplates no more than that (1) plaintiffs "held a confirmed reservation" on the flight; (2) they "complied with (the airline's) pre-boarding conditions"; (3) they "were entitled to a seat"; and (4) "the reservation was not honored by defendant (airline) because the flight had been overbooked and all seats were occupied." *Nader v. Allegheny Airlines, Inc.,* 445 F.Supp. 168, 172 (D.D.C.1978).

The reported bumping claims involve plaintiffs who seek to recover little more than expenses immediately occasioned by the delay. At most, past plaintiffs have sought punitive damages as well as compensation for inconvenience, humiliation or embarrassment.[7] The assertions comprising a bumping claim are limited; the litigation of state claims in the same forum fosters neither judicial economy, convenience, nor fairness.

The facts of the instant case present an additional problem mitigating against extending jurisdiction. The *United Mine Workers* decision did not confront the federal courts' power to hear a claim against a party over whom no independent federal jurisdiction exists. The Supreme Court addressed that issue in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976): "If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state law claim." *Id.* at 18, 96 S.Ct. at 2422. The jurisdictional basis of the federal claim is significant in deciding whether jurisdiction over the additional party is desirable.

(A)s against a plaintiff's claim of *additional* power over a 'pendent party,' the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power has been extended by Congress.

Resolution of a claim of pendent-party jurisdiction, therefore calls for careful attention to the relevant statutory language.

Where, as with Section 404 of the Act, no express adjudicatory power is bestowed, a court must be wary of extending the jurisdictional basis. Accordingly, this court declines to exercise pendent jurisdiction in the instant action.

The amended complaint is dismissed except as to the defendant Trans International Airlines, Inc.

So ordered.

---

7. *See, e.g., Mahaney v. Air France,* 474 F.Supp. at 535, where the court found "purely nominal compensatory damages are available, including an award for humiliation and hurt feelings (citations omitted) . . . . Punitive damages may also be awarded under the Act." *See also, Nader v. Allegheny Airlines, Inc.,* 445 F.Supp. 168 (D.D.C.1978), where the court awarded "compensatory damages in the amount of $10.00—$7.00 for long distance telephone calls and $3.00 for the extra cost of a ticket."