James Jimmie MASON, Appellant,

v.

Anthony M. FRANK, Postmaster
General, Appellee.

No. 93–2220.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1994.

Decided Aug. 5, 1994.

Rehearing Denied Sept. 27, 1994.

Michael P. Bastian, St. Louis, MO, argued, for appellant.

Robert P. Sinderman, Washington, DC argued (Edward L. Dowd and Joseph B. Moore, St. Louis, MO, and R. Andrew German and Robert Sindermann, Jr., Washington, DC, on the brief), for appellee.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

James Jimmie Mason appeals from the district court's [1] judgment entered in favor of the Postmaster General in Mason's action alleging handicap discrimination under sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794. We affirm.

**I.**

Mason went to work for the United States Postal Service in 1954 as a distribution clerk in the Main Post Office in St. Louis, Missouri. In 1959, Mason fell while at work and injured his lower back and buttocks. When he returned to work, Mason was assigned to light duty, which is an assignment given to employees who because of injury or illness cannot perform their regular duties. Mason remained on light duty until 1973. During that year, Mason again suffered an on-the-job injury when an elevator door closed on his left side. This time, however, Mason was unable to continue working. As a result, he began receiving compensation for total disability from the Department of Labor Office of Workers' Compensation Programs ("OWCP"). In August 1974, the Postal Service removed Mason from its employee roll because he had been continuously absent from work for more than one year.

In 1981 OWCP determined that Mason was no longer disabled by reason of his on-the-job injury; rather, it found that his physical limitations were caused by multiple sclerosis. Consequently, OWCP terminated Mason's disability benefits. Mason then requested reinstatement with the Postal Service, but it denied his request. Mason continued to apply for reinstatement. In November 1982, Dr. Philip Shanahan, a Postal Service medical officer who specializes in occupational medicine, reviewed Mason's medical records and examined him. Dr. Shanahan determined that Mason was medically

unsuitable for employment, and the Postal Service again denied Mason reinstatement.

After a long administrative process, Mason filed a petition with the Merit Systems Protection Board (the "MSPB"), appealing the Postal Service's refusal to reinstate him. An MSPB administrative law judge found that Mason was not entitled to reinstatement under 5 U.S.C. § 8151 and 5 C.F.R. Part 353. The judge further found that Mason had not established handicap discrimination. The full MSPB denied Mason's petition for review.

Mason then filed this action in district court, alleging both handicap and race discrimination. Following a two-day bench trial, the district court found that Mason had proved neither handicap nor race discrimination.[2]

**II.**

**A. Section 8151 Claim**

Mason first argues that he was entitled to reinstatement pursuant to his civil service rights under 5 U.S.C. § 8151 [3] and 5 C.F.R. Part 353. The MSPB considered this argument and found that the Postal Service had complied with these provisions. When the MSPB decides a case containing a nondiscrimination claim, such as a section 8151 claim, as well as discrimination claim, the district court has jurisdiction over appeals from both types of claims. *See, e.g., Morales v. Merit Sys. Protection Bd.,* 932 F.2d 800, 801–02 (9th Cir.1991); *Barnes v. Small,* 840 F.2d 972, 979 (D.C.Cir.1988); *Williams v. Department of Army,* 715 F.2d 1485, 1487–91 (Fed.Cir.1983). The district court reviews the discrimination claim de novo and the nondiscrimination claim on the administrative record under 5 U.S.C. § 7703(c). *See, e.g., Maulding v. Sullivan,* 961 F.2d 694, 697–99

---

1. The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri, before whom the case was tried by consent of the parties pursuant to 28 U.S.C. § 636(c).

2. Mason does not challenge the district court's ruling on his race-discrimination claim.

3. Section 8151(b)(2) provides in pertinent part:

[T]he department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency. . . .

(8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1255, 122 L.Ed.2d 653 (1993). Pursuant to section 7703(c), a court shall, upon review of the administrative record, set aside an MSPB decision only if required procedures have not been followed, the decision is arbitrary, or the decision is not supported by substantial evidence. *Id.* at 698–99.

■ The Postal Service argues that Mason waived his section 8151 claim in district court. Mason contends, on the other hand, that he preserved his claim by pleading it in his handicap-discrimination count. We agree with the Postal Service, for at trial Mason's counsel indicated that Mason was not asking the district court to review the MSPB's ruling on his section 8151 claim. As noted above, the district court reviews the MSPB's denial of nondiscrimination claims on the administrative record. When the Postal Service moved to admit the administrative record, Mason's counsel objected, stating that he believed that the administrative record, including the MSPB decision, was irrelevant. Additionally, when the Postal Service's counsel told the district court that the MSPB decision was not before the court and that only the discrimination claim was at issue, Mason's counsel did not indicate otherwise. Accordingly, we find that Mason waived his section 8151 claim, and we therefore do not consider it.

## B. Handicap–Discrimination Claim

■ We now turn to Mason's arguments concerning his handicap-discrimination claim. The Postal Service concedes that it denied Mason reinstatement on the basis of his handicap, and the evidence demonstrates that if the Postal Service had reinstated Mason, it would have had to accommodate him in some manner. Accordingly, the dispute in this case focuses on whether the Postal Service could reasonably accommodate Mason. *Arneson v. Heckler,* 879 F.2d 393, 396 (8th Cir.1989); *Gardner v. Morris,* 752 F.2d 1271, 1279–80 (8th Cir.1985). Once the plaintiff produces evidence sufficient to make a facial showing that reasonable accommodation is possible, the burden shifts to the federal employer to prove inability to accommodate. *Wood v. Omaha Sch. Dist.,* 985 F.2d 437, 439

(8th Cir.1993); *Arneson,* 879 F.2d at 396; *Gardner,* 752 F.2d at 1280. "If the employer presents credible evidence that reasonable accommodation is not possible ..., then the plaintiff must produce evidence 'concerning his individual capabilities and suggestions for possible accommodations to rebut the employer's evidence.'" *Gardner,* 752 F.2d at 1280 (quoting *Prewitt v. United States Postal Serv.,* 662 F.2d. 292, 308 (5th Cir.1981)). In short, the ultimate question is whether the plaintiff can, with reasonable accommodations, "'perform the essential functions of the position in question without endangering the health and safety of [himself] or others.'" *Id.* at 1281 (quoting 29 C.F.R. § 1613.702(f)).

When Mason applied for reinstatement, the Postal Service considered him only for available entry-level positions: distribution clerk, letter carrier, mail handler, and letter-sorting-machine clerk. The only position at issue is distribution clerk, for Mason does not argue that he could perform the latter three positions. A distribution clerk sorts mail into a vertical case consisting of multiple pigeonholes, or slots. The top slots are more than six feet off the ground, so a clerk normally stands while he sorts mail. After sorting the mail, the clerk "sweeps" the case, meaning that he removes the mail from the slots and places it in a mail tray. He then carries the tray, which generally weighs between twenty and twenty-five pounds, to the next work station or to a conveyer belt. A distribution clerk must also be able to lift and empty mail bags weighing up to seventy pounds.

At the time of his request for reinstatement, Mason suffered from persistent, severe pain in his lower-back, left hip, and buttocks. He had poor balance, needed a cane to walk, and walked slowly and deliberately. He could stand for only twenty to thirty minutes at one time and for sixty minutes per day. He could not lift more than twenty pounds and could do no repetitive lifting. Depending upon which physician's report is examined, Mason's ability to bend, crouch, and stoop was either extremely limited or nonexistent. Accordingly, Mason could not perform the functions of a distribution clerk without accommodations.

Mason did, however, present evidence sufficient to make a facial showing that he could perform the job with reasonable accommodations. He offered testimony that the Postal Service could lower the case so that he could sort mail from a seated position. He also presented evidence that the Postal Service could provide a cart that he could use to transport the sorted mail to the next work station.

The burden therefore shifted to the Postal Service to present credible evidence that it could not reasonably accommodate Mason.[4] We first note that Mason's own evidence concerning his limited physical abilities suggests that he could not perform the physical functions that would still be required even with his proposed accommodations. Additionally, Dr. Shanahan testified that, after examining Mason and reviewing his medical records, he believed that Mason was medically unsuitable for the duties of distribution clerk. Dr. Shanahan further testified that Mason could not keep pace with the flow of mail on the workroom floor in the Main Post Office. He also stated that Mason could not work on the workroom floor without endangering himself. The floor, which encompasses four city blocks, is extremely busy and employees need to be able to move briskly, for example, to avoid moving vehicles.

If an employer presents evidence that the plaintiff cannot perform the job even with reasonable accommodations, the plaintiff must produce evidence concerning his individual capabilities to rebut the employer's evidence. *Treadwell v. Alexander*, 707 F.2d 473, 478 (11th Cir.1983). Dr. Arthur Smith, a vocational expert, testified that Mason could perform the functions of a distribution clerk. Smith is not a medical doctor, however, and he has never observed a distribution clerk at work. Accordingly, we find that his testimony was insufficient to rebut the undisputed evidence concerning Mason's physical limitations and Dr. Shanahan's testimony that Mason was medically unsuitable for the position.

Additionally, Mason has not rebutted Dr. Shanahan's testimony that Mason could not work on the workroom floor without placing himself at risk. Mason did present testimony that an employee on crutches walked across the floor in going to and from his office. This testimony, however, merely evidences that an employee could walk safely across the floor; it does not demonstrate that an employee with Mason's limited mobility could safely work on the floor.

Mason also argues that the Postal Service should not only have considered him for entry-level positions but also for higher-level positions and light-duty status. The Postal Service properly terminated Mason's status as an employee following his continuous absence from work for more than one year. Pursuant to the Postal Service's collective bargaining agreement with its unions, former employees are not eligible for higher-level positions or light-duty assignments. Higher-level openings are reserved for current employees and are obtained through a bidding process based upon seniority.[5] Likewise, light-duty assignments are available only to current employees. An employer is not required to accommodate a handicapped individual in a manner that would violate the rights of other employees under a legitimate collective bargaining agreement. *Shea v. Tisch*, 870 F.2d 786, 790

---

4. Mason argues that the district court erroneously required him to bear the burden of proving that the Postal Service could reasonably accommodate him. Although the district court did not expressly state that the burden of proof had shifted to the Postal Service, it cited in its memorandum opinion several cases that clearly articulate that rule, rendering it unlikely that the district court did not in fact follow the burden-shifting requirements of the statute. In any event, in light of our conclusions that the Postal Service satisfied its burden of proving that reasonable accommodation was not possible and that Mason failed to rebut the Postal Service's evidence, any error in this regard was harmless. *See Barth v. Gelb*, 2 F.3d 1180, 1188–89 (D.C.Cir.1993) (finding that the district court's error in assigning the burden of proof under the Rehabilitation Act was harmless), *cert. denied*, —— U.S. ——, 114 S.Ct. 1538, 128 L.Ed.2d 190 (1994).

5. Under the collective bargaining agreement, once a former employee is reinstated, he retains his seniority if certain requirements are met and may bid for higher-level assignments.

(1st Cir.1989) (per curiam); *Carter v. Tisch,* 822 F.2d 465, 467–69 (4th Cir.1987); *Jasany v. United States Postal Serv.,* 755 F.2d 1244, 1251–52 (6th Cir.1985); *Daubert v. United States Postal Serv.,* 733 F.2d 1367, 1370 (10th Cir.1984).

Accordingly, we find that Mason has not established a claim under the Rehabilitation Act and therefore is not entitled to reinstatement or any other relief.[6]

The judgment is affirmed.

---

**6.** We note that Mason does have another avenue for employment with the Postal Service. The Postal Service hires handicapped individuals who cannot meet the requirements of entry-level positions on a noncompetitive basis through the Missouri Division of Vocational Rehabilitation.