Daniel R. VORHIES, Plaintiff,

v.

PIONEER MANUFACTURING COMPANY, a Colorado corporation, Defendant.

No. 94–B–1890.

United States District Court, D. Colorado.

Nov. 29, 1995.

L. Dan Rector, Norton Frickey & Associates, Colorado Springs, CO, for Plaintiff.

Robert M. McConnell, Collins & McConnell, Colorado Springs, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Pioneer Manufacturing Company (Pioneer) moves for summary judgment on plaintiff Daniel R. Vorhies' (Vorhies) sole remaining claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et.seq. Vorhies claims that Pioneer terminated him in violation of the ADA when it failed to accommodate him after he incurred a back injury at work. Pioneer contends that Vorhies is not a qualified individual with a disability under the ADA because he cannot perform an essential function of his position. The motion is fully briefed and oral argument will not materially aid its resolution. For the reasons set forth in this order, I grant the motion for summary judgment.

### I.

The following facts are not genuinely disputed. Vorhies was employed by Pioneer in September 1987. On June 21, 1993, Vorhies injured his back while at work. At the time of the injury, Vorhies was employed as a tool and cutter grinder. Based on a "Light Duty Return to Work Job Description" it appears that Vorhies' Workman's Compensation Physician, Dr. Johnson, certified Vorhies to return to work on July 8, 1993. Plaintiff's Response, Exh. F. His job duties were limited to activities that did not require lifting over ten pounds until July 20, 1993. Id. After returning to work the first time, Vorhies worked for a few days before he claims Dr. Johnson told him "it's not working." Defendant's Reply Brief, Vorhies' Depo.Exh. I, p. 74. Vorhies returned to work again sometime in July. According to Vorhies, Dr. Johnson informed Vorhies again that "This isn't working, you can't come back to work." Id. p. 75. Approximately a week later, Vorhies returned to his job. It is unclear from the evidence what Vorhies' attendance record was after he returned the third time but it is clear that from June 21, 1993 to August 13, 1993, Vorhies missed twenty-four days of work. On August 13, 1993, Vorhies was terminated due to his numerous absences.

### II.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears

the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Mares v. ConAgra Poultry Co., Inc.,* 971 F.2d 492, 494 (10th Cir.1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.,* 622 F.2d 516, 519 (10th Cir.1980); Fed. R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence present in the motion and response. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. at 2512; *Mares,* 971 F.2d at 494.

### III.

#### A. Americans with Disabilities Act

Pioneer requests summary judgment on Vorhies's claim that Pioneer violated the Americans with Disabilities Act, (ADA) 42 U.S.C. § 12111 et seq., by refusing to accommodate his disability. Pioneer contends Vorhies is not a "qualified individual with a

disability" and, thus, is not entitled to ADA protection.

The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability of such individual ... in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual" is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see School Bd. of Nassau County, Fla. v. Arline,* 480 U.S. 273, 288 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987).

To survive Pioneer's motion for summary judgment on his ADA claim, Vorhies must show genuine factual dispute that: "(1) he is a disabled person within the meaning of the ADA; (2) he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) the employer terminated him because of his disability." *White v. York Int'l Corp.,* 45 F.3d 357, 360 (10th Cir.1995): *See also Mason v. Frank,* 32 F.3d 315, 318–19 (8th Cir. 1994); *Chandler v. City of Dallas,* 2 F.3d 1385, 1390 (5th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1386, 128 L.Ed.2d 61 (1994); *Barth v. Gelb,* 2·F.3d 1180, 1186 (D.C.Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1538, 128 L.Ed.2d 190 (1994); *Gilbert v. Frank,* 949 F.2d 637, 640–42 (2d Cir. 1991). Congress intended relevant case law developed under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., to be generally applicable to analogous inquiries under the ADA. *See White v. York,* 45 F.3d at 360, n. 5; *Bolton v. Scrivner, Inc.,* 36 F.3d 939, 942 (10th Cir.1994) (Rehabilitation Act case law defining "disability" applicable to similar inquiry under ADA). Also useful in ADA actions are the regulations the Equal Employment Opportunity Commission (EEOC) issued to implement Title 1 of the ADA, 29 C.F.R.P. 1630. *See* 42 U.S.C. § 12116.

Pioneer disputes Vorhies' claim that with reasonable accommodation, he could have performed the duties required of a tool and cutter grinder. This claim may be tested through the application of traditional burdens of proof as outlined in *White v. York*, 45 F.3d at 361. "Once the plaintiff produces evidence sufficient to make a facial showing that accommodation is possible, the burden of production shifts to the employer to present evidence of its inability to accommodate." *Id.* at 361 n. 4 *citing Mason*, 32 F.3d at 318; *Barth*, 2 F.3d at 1187; *Gilbert*, 949 F.2d at 642. *See also Barth v. Gelb*, 2 F.3d 1180, 1185–87 (D.C.Cir.1993), *cert. denied*, ―― U.S. ――, 114 S.Ct. 1538, 128 L.Ed.2d 190 (1994). If the employer presents such evidence, the plaintiff may not simply rest on his pleadings. He has the burden of coming forward with rebuttal evidence concerning his individual capabilities along with suggestions for possible accommodations. *Mason*, 32 F.3d at 318; *Chiari v. City of League City*, 920 F.2d 311, 318 (5th Cir.1991). "As with discrimination cases generally, the plaintiff at all times bears the ultimate burden of persuading the trier of fact that he has been the victim of illegal discrimination based on his disability." *White v. York*, 45 F.3d at 361 *citing St. Mary's Honor Center v. Hicks*, ―― U.S. ――, ――, 113 S.Ct. 2742, 2747–49, 125 L.Ed.2d 407 (1993); *Tyndall*, 31 F.3d at 213; *Barth*, 2 F.3d at 1186; *Pushkin v. Regents of the Univ. of Colorado*, 658 F.2d 1372, 1385 (10th Cir.1981). *See also Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1455 (10th Cir.1994).

**Essential Functions**

In deciding defendant's motion for summary judgment on Vorhies' ADA claim, I must look at the "essential functions" of a tool and cutter grinder at Pioneer. The term "essential functions" is defined by the EEOC regulations as "the fundamental job duties of the employment position the individual with a disability holds" and "does not include the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1). Deciding whether specific job duties are essential job functions ordinarily requires courts to engage in fact-

specific inquiries. *Hall v. U.S. Postal Service*, 857 F.2d 1073, 1079 (6th Cir.1983).

Pioneer defines attendance as an essential function of the tool and cutter grinder position. In support of this assertion, Pioneer presents the affidavit of Russ Berends, Vorhies' supervisor, who states that Vorhies was the only person whose duties included sharpening and repairing tools. Defendant's Brief, Exh. E. Furthermore, Pioneer presents Vorhies' job description which lists attendance as an essential function of his job. Id. Three circuits have upheld the determination that attendance can be an essential function of a job. *See Tyndall v. National Educ. Centers, Inc. of California*, 31 F.3d 209, 212 (4th Cir.1994); *Carr v. Reno*, 23 F.3d 525, 529 (D.C.Cir.1994) (Decided under the Rehabilitation Act); *Jackson v. Veterans Administration*, 22 F.3d 277, 278 (11th Cir. 1994). Vorhies offers no evidence to dispute Pioneer's showing that attendance is an essential function of his job.

**Reasonable Accommodation**

The fact that Vorhies cannot perform an essential function of the job does not end the inquiry. It must also be shown that he cannot perform the essential function without reasonable accommodation. The summary judgment burden, however, now lies with Vorhies. Initially, the plaintiff must make a prima facie showing that accommodation is possible. Here, Vorhies has proffered no evidence showing possible accommodation. The only evidence proffered by Vorhies is his response to defendant's first discovery request. Paragraph 21 of the request states:

Do you admit that during the time between when you were injured on June 21, 1993 and the time you were discharged on August 13, 1993, neither Pioneer Manufacturing nor anyone acting on its behalf denied any request you made for accommodation based on your back injury? If not, please state to whom the request was made, the date it was made, the specific accommodation you requested and the manner in which your request was denied.

Vorhies' response states: "No; my supervisor Russ Berends was aware of my limitations, and which jobs I could do at Pioneer." This response neither adequately answers the question posed nor sets forth any evi-

dence that Vorhies requested accommodation or made suggestions regarding reasonable accommodation. As in *White v. York*, Vorhies simply rests on his own bald conclusions that he could have performed the job with reasonable accommodation.

Vorhies further asserts that Pioneer failed to accommodate him because it did not offer him another position at Pioneer for which he was qualified. "However, the ADA does not require an employer to promote a disabled employee as an accommodation, nor must an employer reassign the employee to an occupied position, nor must the employer create a new position to accommodate the disabled worker." *White v. York*, 45 F.3d at 362; 29 C.F.R. § 1630.2(*o*).

In this case, as in *White v. York*, 45 F.3d 357, 363 (10th Cir.1995), "While [I] must resolve doubts in favor of [Vorhies], conclusory allegations standing alone will not defeat a properly supported motion for summary judgment." Vorhies has produced no evidence that reasonable accommodation is possible. Therefore, he fails to show a genuine issue of fact exists as to the second element of his ADA claim. Consequently, I grant the motion for summary judgment.

Accordingly it is ORDERED that:

The motion for summary judgment is granted. This case is dismissed, defendants to receive costs. Defendant's Fed.R.Civ.P. 11 motion for sanctions is held in abeyance pending final briefing.